IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.   3:21-00221

THOMAS JOSHUA CARTER

### ORDER

Before the Court is Defendant's Motion to Suppress Evidence. *See* ECF No. 88. Upon review, the Court **DENIES** the Motion.

### BACKGROUND

On August 21, 2020, Jonathan Terry told Corporal Earl Ray Robinett of the West Virginia State Police that his neighbor—Defendant Thomas Carter—pointed a pistol at his head and told him to keep secret about his marijuana plants. *See* Def.'s Mot. at 1. Terry also told the police that Carter owned a gray minivan. *See* Govt. Mot. at 2, ECF No. 95.

On August 23, 2020, Robinett visited Carter's property. *See id.* When he arrived, Robinett saw a house with a camper in the front yard. *See id.* Beside the camper, Robinett saw marijuana. *See id.* Although tarps surrounded the marijuana on three sides, the side facing the camper was "completely open" and "visible to anyone arriving at the property." *Id.* On the front porch, Robinett saw targets with bullet holes and a spent rifle casing. *See id.* at 2–3.

Later the same day, Robinett saw a gray minivan driving without a license plate. *See id.* at 3. He stopped the vehicle. *See id.* Carter was the driver. *See id.* Robinett read Carter his Miranda rights. *See id.* Carter then admitted to owning marijuana at his home. *See id.* Robinett then arrested Carter for cultivating marijuana, brandishing a weapon, assault, and no registration. *See id.*

Robinett took Carter to the Wayne County State Police detachment for processing. *See id.* During processing, Carter saw an AR-15 rifle. *See* Govt. Mot. at 4. Unprovoked, Carter stated Robinett entered his camper and confiscated his brother's rifle. *See id.* Around the same time, Robinett learned Carter had a previous conviction for felony aggravated robbery. *See id.*

With this information, Robinett sought a warrant to search Carter's home and camper ("Home Warrant"). *See* Govt. Mot., Ex. 1 at 2. The Home Warrant states Carter is a "Prohibited Person in Possession of [a] Firearm" and asks to search for firearms, firearm related equipment, and "other evidence of a crime." *Id.* To support probable cause, Robinett cited Terry's brandishing report; the marijuana plants, target shots, and rifle casing found on Carter's property; Carter's traffic stop; Carter's previous felony; and Carter's comment about the AR-15 rifle in the police detachment. *See id.* Robinett's search revealed fourteen firearms (including rifles and pistols), a Winchester safe, body armor, and ammunition. *See* Govt. Mot. at 5; Govt. Mot., Ex. 1 at 11.

Robinett then secured and executed three more search warrants. *First*, Robinett searched Carter's car for firearms, firearm related equipment, and keys for Carter's camper ("Car Warrant"). *See id.*, Ex. 2 at 1. There, Robinett discovered a Machir safe and cell phone. *See id.* at 7. *Second*, Robinett searched the Winchester safe found in Carter's home. ("Winchester Safe Warrant"). *See* Govt. Mot., Ex. 4 at 1. Inside, he found four guns and ammunition. *See id.* at 8. *Finally*, Robinett searched the Machir safe discovered in Carter's car. ("Machir Safe Warrant"). *See* Govt. Mot., Ex. 3 at 1. He found one pistol and ammunition. *See id.* at 8. In total, police seized nineteen firearms, 8,514 rounds of ammunition, and body armor. *See* Govt. Mot. at 6.

## ANALYSIS

Carter seeks to suppress all evidence arising from the Home Warrant. *See* Def.'s Mot. at 1. *See also* ECF No. 97 (clarifying position). He does not challenge the Car Warrant, Winchester Safe Warrant, or Machir Safe Warrant. The Court limits its review accordingly.

Under the Fourth Amendment, a search warrant must be supported by probable cause which requires "only a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Sueiro*, 59 F.4th 132, 139 (4th Cir. 2023) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In other words, "[t]here must . . . be some nexus between the suspected crime and the place to be searched." *United States v. Orozco*, 41 F.4th 403, 409 (4th Cir. 2022). Whether a nexus exists is a "practical, commonsense determination." *Id.* Critically, this Court affords "great deference" to a "neutral and detached magistrate" finding of probable cause. *Illinois*, 462 U.S. at 236. The Court asks only whether "substantial evidence" in the record supports the magistrate's decision to issue a search warrant. *Id.*

Probable cause supports the Home Warrant. The Affidavit Supporting Probable Cause consists of five paragraphs. Paragraph 1 states Carter visited Terry, "pointed a pistol at his head," and "told him not to tell anyone about his marijuana." Govt. Mot., Ex. 1 at 6. Paragraph 2 states Robinett discovered "what appeared to be targets which had been shot" in Carter's front yard and a "spent rifle casing" on Carter's front porch. *Id.* Paragraph 3 states Robinett discovered "a clear plastic bag containing marijuana" during Carter's traffic stop. *Id.* It does not reference any gun. Paragraph 4 states Robinett learned Carter had been convicted of Aggravated Robbery and received a sentence of eight years. *Id.* Paragraph 5 states Carter "believed [Robinett] already entered his camper and retrieved a rifle from inside." *Id.*

These statements paint a bleak picture. Under W. Va. Code § 61-7-7(a)(1), "no person shall possess a firearm . . . who . . . has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." Carter fits this description—he received an eight-year sentence for Aggravated Robbery. As a result, Carter cannot possess firearms.

Notwithstanding this prohibition, Carter threatened his neighbor with a pistol. When Robinett visited Carter's home, he discovered shot targets and a spent rifle casing. He did not find a pistol. When Robinett arrested Carter later on, he found marijuana but no pistol. While Carter was at the police detachment, he admitted a rifle was in a camper on his property. All told, this evidence suggests Carter—a felon—possessed at least a pistol and rifle. A magistrate could reasonably believe searching Carter's home would uncover these firearms. *See Hall v. Putnam Cnty. Comm'n*, 2024 WL 559603, at *11 (S.D. W. Va. Feb. 12, 2024) (explaining "people who possess firearms tend to keep evidence of that possession in their homes 'for a long time'") (quoting *United States v. Hodges*, 2018 WL 934616, at *4 (S.D. W. Va. Feb. 16, 2018)).

Carter disagrees. He makes three arguments. None persuade. *First*, Carter argues Terry should be treated like an anonymous tip or confidential informant because Robinett did not witness the brandishing. *See* Def.'s Mot. at 7–8. He stresses Robinett did not verify Terry's complaint. *See id.* The Court disagrees. Whether law enforcement officers may rely on a tip to establish reasonable suspicion depends on the tipster's veracity, reliability, and basis of knowledge. *See Alabama v. White*, 496 U.S. 325, 328 (1990). A tip from an anonymous caller seldom demonstrates the informant's basis of knowledge or reliability. *See Florida v. J.L.*, 529 U.S. 266, 270 (2000). In contrast, courts "generally presume" a citizen-informant "who discloses his or her identity and basis of knowledge to the police is both reliable and credible." *United States v. Kehoe*, 893 F.3d 232, 238 (4th Cir. 2018) (collecting cases). When disclosure occurs in a "[f]ace-to-face

encounter" with an officer, the officer has the additional "opportunity to evaluate the informant's credibility and demeanor." *United States v. Mitchell*, 963 F.3d 385, 393 (4th Cir. 2020).

Here, Terry came in-person to provide his report. *See* Govt. Mot., Ex. 1 at 6. He shared his full name. *See id.* He also shared the basis of his knowledge: he personally saw the pistol Carter pointed at him. *See id.* This is sufficient evidence to believe not only that Terry was "honest but also that he was well informed." *White*, 496 U.S. at 332. *See also Kehoe*, 893 F.3d at 239 (finding caller provided sufficient information to infer reliability by sharing his first name, phone number, and explaining he was at the "location of the alleged ongoing criminal activity").[1]

*Second*, Carter argues the firearm targets and single rifle casing found on his property does "nothing" to suggest "illegal gun possession." Def.'s Mot. at 8. He stresses the magistrate did not know "how long those items had been laying around, when they were used, who else had access to the property," or "if the previous owners of the property shot guns." *Id.* True enough. But probable cause does not require officers to "rule out all other possibilities." *United States v. Gary*, 420 F. Supp. 2d 470, 480–81 (E.D. Va. 2006). Instead, "probabilities and common sense" drive the analysis. *United States v. Williams*, 10 F.3d 1070, 1074 (4th Cir. 1993). Here, officers and a magistrate could reasonably believe Carter possessed firearms after discovering a spent rifle casings on his front porch and firearms targets in his front yard.

*Finally*, Carter argues his statement mistaking an officer's rifle for his brother's rifle does not suggest he owned the rifle or the camper where his brother's rifle was stored. *See* Def.'s Mot. at 8–9. Not so. According to the Affidavit Supporting Probable Cause, Carter told Robinett officers that they "already entered *his* camper and retrieved a rifle from inside [the camper]." Govt.

---

[1] Carter stresses the brandishing complaint was "completely fabricated." Def.'s Mot. at 7–8. This does not move the needle. Whether probable cause exists is based upon "the information the officers had at the time they sought the warrant." *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). Terry admitted he fabricated his report on April 4, 2024. *See* Def.'s Mot. at 7–8. Yet, nothing in the record suggests Robinett had reason to doubt Terry's report on August 23, 2020—the date he secured the Home Warrant.

Mot., Ex. 1 at 6 (emphasis added). On its face, this statement places a firearm in a camper owned by Carter. Without evidence to the contrary, a magistrate could reasonably believe Carter owned the camper and constructively possessed its contents—including the rifle. *Cf. United States v. Martin*, 839 F. App'x 789, 792 (4th Cir. 2021) ("[A]n inference can be reasonably made that a car parked in the driveway of the target residence may be place where [contraband is] located.").

**CONCLUSION**

The Court **DENIES** Defendant's Motion to Suppress Evidence. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:        May 21, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE